**In re TAMOXIFEN CITRATE ANTITRUST LITIGATION**

**No. 1408.**

Judicial Panel on Multidistrict Litigation.

Aug. 14, 2001.

Before HODGES, Chairman, KEENAN, SEAR, SELYA,\* GIBBONS, JENSEN and MOTZ, Judges of the Panel.

### TRANSFER ORDER

This litigation consists at this time of the six actions listed on the attached Schedule A and pending in three districts as follows: four actions in the Eastern District of New York, and one action each in the Northern District of California and the Eastern District of Michigan.[1] Defendants Barr Laboratories, Inc., and Zeneca Inc. move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the litigation in the Eastern District of New York. All responding plaintiffs agree on pretrial coordination but they differ among themselves with respect to selection of the transferee district. Plaintiffs in one action and one of the potential tag-along actions in the Eastern District of Michigan suggest centralization in that district.[2] Plaintiffs in two actions in the Eastern District of New York support equally that district or the Eastern District of Michigan as transferee forum. Plaintiff in one other action in the Eastern District of New York supports centralization in either that district or, in the alternative, the Eastern District of Michigan. Plaintiff in the Northern District of California action likewise favors the district in which her action is pending, or, alternatively, the Eastern District of Michigan.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs in all actions assert that the defendants' settlement of patent litigation restrained trade by allocating the market for and raising the price of tamoxifen citrate and generic versions of tamoxifen citrate, which are widely used in the treatment of breast cancer. Centralization under Section 1407 is thus necessary in order to eliminate duplicative

---

\* Judge Selya took no part in the decision of this matter.

1. The parties have notified the Panel of ten additional related actions pending in federal court as follows: two each in the Eastern District of Michigan and the Eastern District of New York, and one each in the Northern District of California, the Southern District of Florida, the District of Maine, the District of New Mexico, the Southern District of West Virginia, and the Western District of Wisconsin. In light of the Panel's disposition of this docket, these additional actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. These plaintiffs also represent that the plaintiff in the potential tag-along action pending in the Western District of Wisconsin, who is represented by the same counsel, supports the Eastern District of Michigan as transferee forum.

discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

▮ Given the range of locations of parties and witnesses in this docket and the geographic dispersal of current and anticipated constituent actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the Eastern District of New York is the appropriate forum for this docket, we note that i) the forum is geographically convenient *vis-à-vis* the location of principal parties to this docket, ii) most parties support centralization in this district in some manner, and iii) centralization in this district permits the Panel to effect the Section 1407 assignment to a court with the resources that this docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending in districts other than the Eastern District of New York are transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable I. Leo Glasser for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*Northern District of California*

*Karen Jo Koonan v. Barr Laboratories, Inc., et al.,* C.A. No. 3:01–779

*Eastern District of Michigan*

*Rebecca Bennish et al. v. Barr Laboratories, Inc., et al.,* C.A. No. 2:00–74948

*Eastern District of New York*

*Betty Joblove v. Barr Laboratories, Inc., et al.,* C.A. No. 1:00–6046

*Allied Services Division Welfare Fund v. Barr Laboratories, Inc., et al.,* C.A. No. 1:00–6540

*Lynda Knee v. Barr Laboratories, Inc., et al.,* C.A. No. 1:00–6729

*Eugene DeJesus, et al. v. Barr Laboratories, Inc., et al.,* C.A. No. 1:00–7521